JAMES A. FOLEY, as Receiver of All the Personal and Real Property of REGINALD RONALDS, Plaintiff, *v.* REGINALD RONALDS and MILDRED RONALDS, Defendants.

(Supreme Court, New York Special Term, May, 1919.)

Deeds — husband and wife — when deed for a valuable and adequate consideration will be sustained as against creditors of grantor — marriage — evidence — when gift upheld.

> Where a deed is made for a valuable and adequate consideration without knowledge of the grantee of any fraudulent intent on the part of the grantor, it will be sustained, irrespective of such intent.
>
> Where a debtor made a transfer of real estate in consideration of the agreement of the grantee to marry him, which she immediately did, and in a judgment creditor's action to set aside the conveyance as in fraud of creditors, it not only appears that when the deed was given the grantor had other

property which his receiver in supplementary proceedings had taken over but there is no proof that the grantee at the time was aware of the amount of property the grantor held or of the extent of his indebtedness or that he had any purpose in the execution of the deed except to induce her to consent to their marriage, the complaint will be dismissed.

Where as to a second cause of action pleaded in the same complaint to set aside the transfer of an automobile, the evidence shows that it was accepted in lieu of an engagement present and without fraudulent intent on the part of the wife, the same conclusion must result and the gift be upheld.

ACTION to set aside conveyances.

Franklin H. Mills, Edmund L. Mooney and Frank M. Patterson, for plaintiff.

Edward E. McCall, Henry W. Hardon, C. Royall Fraser, Frank M. Avery, Man & Man, for defendants.

COHALAN, J.  Plaintiff sues to set aside certain conveyances made by the defendant Reginald Ronalds to the defendant Mildred Ronalds, his wife, on the ground that the same were made in fraud of creditors. There are two causes of action pleaded in the complaint.  The first refers to conveyances of certain real property, and the second has to do with the transfer of an automobile.  The defendants claim that the transfers of the real property were made pursuant to an ante-nuptial agreement, and that the automobile was a gift in the nature of an engagement present. It appears that the defendant Reginald Ronalds was an accommodation maker of a note for the sum of $242,200, which he and five others jointly and severally gave to the Guaranty Trust Company in 1916, and upon which that company entered judgment against the defendant Reginald Ronalds on the 3d day of October, 1917.  The Guaranty Trust Company, as collateral security for the note, held several thousand

shares of the International Tungsten Company. The Guaranty Trust Company obtained a judgment on the note against the respective makers thereof for the sum of $183,914.31. An execution issued upon the judgment against the personal and real property of the defendant Reginald Ronalds was returned unsatisfied. On the 13th day of July, 1917, Reginald Ronalds and Mildred Combs Ronalds entered into an ante-nuptial agreement whereby he agreed to convey to her within a year the property in suit, and she agreed to marry him. On the same day the deeds of conveyances were executed, which transaction was immediately followed by the marriage of the parties defendant. It is my view that the conveyances were not made with the intent on the part of both the defendant Reginald Ronalds and the defendant Mildred Ronalds to hinder, delay and defraud the former's creditors. The conveyances were made for a valuable consideration. The consideration was the agreement of Mildred Combs to marry the defendant Reginald Ronalds, and the agreement was carried out by the consummation of the marriage. It follows that the conveyances were not made without consideration, as there is no consideration in the law more highly regarded than that of a promise of marriage not yet performed. *Prewit* v. *Wilson,* 103 U. S. [13 Otto] 22; *Magniac* v. *Thompson,* 7 Pet. 348; *De Hierapolis* v. *Reilly,* 44 App. Div. 22; affd., 168 N. Y. 585. In the case of *Magniac* v. *Thompson,* 7 Pet. 348–393, the court said: " Nothing can be clearer, both upon principle and authority, than the doctrine, that to make an antenuptial settlement void, as a fraud upon creditors, it is necessary that both parties should concur in, or have cognizance of the intended fraud. If the settler alone intends a fraud, and the other party have no notice of it, but is innocent of it, she is not, and cannot be affected by it.

Supreme Court, May, 1919.          [Vol. 107.

Marriage, in contemplation of the law, is not only a valuable consideration to support such a settlement, but is a consideration of the highest value; and from motives of the soundest policy is upheld with a steady resolution.'' The intent of Reginald Ronalds in making the conveyances and the object and purpose of them were to obtain Mildred Combs Ronalds as his wife. In her testimony taken before trial Mildred Ronalds stated that she had obtained a divorce from her former husband; that the custody of her infant son had been awarded by the court to her former husband's mother, who was in wealthy circumstances; that to secure the possession of her boy she had to prove that she could support him; that she would not give up her son, but would try to earn the money to support him; that she would not marry unless assured of means to do so, and would not enter into a marriage contract without a settlement; that all she knew about Mr. Ronalds' property was that he had told her what he had offered to settle upon her; that the property was producing an income of about $2,000 a year, and that at the time the contemplated agreement was signed his lawyers told her it was worth about $100,000. In this examination she testified that Reginald Ronalds told her that at one time he had signed a large note to the Guaranty Trust Company with several other men, all of whom were responsible, and that he held two notes of indemnity therefor. This seems to show that Mrs. Mildred Ronalds had no reason to suspect that what Reginald Ronalds proposed to settle upon her would leave any creditor unprotected, or any creditor would have occasion to look to her husband for the payment of any large indebtedness against him. I do not think that there is sufficient proof of notice of a fraudulent intent on his part or of a par-

ticipation in a scheme by her to defraud his creditors. As a matter of fact when Ronalds made the conveyances he had other property. He had invested much money in Mexico and owned 10,000 shares of the stock of the Mexican New Era Corporation, although it appears that the stock had no market value at that time because of the then unsettled conditions in that country. Furthermore, he held and owned certain written guarantees which were of some value. The plaintiff herein, as receiver, has taken over this property. Assuming that the transferrer had in mind a fraudulent disposition of his property, no proof has been adduced that his wife at the time was aware of the amount of property he held or of the extent of his indebtedness, or that he had any purpose in the execution of the deeds except to induce her to consent to the marriage. The law is well settled that when a deed is executed for a valuable and adequate consideration, without knowledge by the grantee of any fraudulent intent of the grantor, it will be sustained, irrespective of his fraudulent purpose. In order to vitiate the transfer in such a case the grantee must also be chargeable with knowledge of the intention of the grantor. If the conveyances of the real property were made for a full consideration, the same conclusion must result with respect to the gift of the automobile. I am satisfied from the evidence that the automobile was accepted by the prospective wife of Reginald Ronalds without fraudulent intent on her part. The gift was in lieu of an engagement present and was founded on a sufficient consideration. The complaint is dismissed against both defendants.

Judgment accordingly.